FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 NOV 16 PM 12:01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DORIAN FRANK O'KELLY,

    Petitioner,

v.

    CASE NO. CV415-104

BRUCE CHATMAN, Warden, Georgia
Diagnostic and Classification
Center,

    Respondent.

## O R D E R

Before the Court is Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) and Motion to Appoint Counsel (Doc. 10). Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254 to challenge his convictions and capital sentence. Because Petitioner appears to be indigent (Doc. 2 at 6), the Court conditionally **GRANTS** Petitioner leave to proceed in forma pauperis, subject to Respondent filing any objection. After careful consideration, Petitioner's motion for appointment of counsel is **GRANTED**. The Court appoints Brian S. Kammer and Lynn M. Pearson of the Georgia Resource Center in Atlanta, Georgia to represent Petitioner.

Also before the Court is Respondent's Motion for Scheduling Order (Doc. 22) and Renewed Motion for Scheduling Order (Doc. 55), to which Petitioner has filed responses (Doc. 47; Doc. 56).

Respondent requests that the Court enter an order providing for a single brief from both parties encompassing any argument relating to discovery, evidentiary hearings, procedural default, cause and prejudice, and the merits of the habeas claim. (Doc. 22 at 2.) Petitioner argues that such an omnibus briefing would be inappropriate and that Respondent should file the initial brief regarding any issues of procedural default.[1] (Doc. 47 at 2.) Both parties have submitted proposed orders.

After careful consideration of both proposals, the Court agrees with the Petitioner that the filing of a single brief on all issues involved in this case would both cause confusion and be inappropriate given the complexity of capital habeas cases in federal court. However, the Court also concludes that Petitioner will file the initial brief regarding the issues of procedural default because he will have the final opportunity to respond to any unforeseen arguments subsequently raised by the Respondent in his reply. Accordingly, the Court **ENTERS** the following scheduling order.

Petitioner shall have **ninety days** from the date of this order to file any requests for discovery. Within **thirty days** of

---

[1] Petitioner also requested that this Court delay entering a scheduling order on the basis that Petitioner's state habeas proceeding was still pending before the United States Supreme Court. (Doc. 56 at 2.) However, the petition was denied on November 2, 2015. O'Kelly v. Chatman, 577 U.S. __ (2015) (No. 15-5837).

2

Petitioner's filing his request for discovery, Respondent shall file his response. Petitioner will then have **ten days** after the filing of Respondent's response in which to file a reply. If the Court permits discovery, Petitioner will have **120 days** after service of the Court's discovery order to complete discovery.

Petitioner shall have **thirty days** from the close of discovery or **thirty days** after service of the Court's order denying discovery to prepare and file a motion for a federal evidentiary hearing. Respondent shall have **thirty days** after the filing of any motion for a federal evidentiary hearing to file his response. Petitioner shall then have **fifteen days** after the filing of any response by Respondent to file a reply.

Once the Court has either heard evidence at an evidentiary hearing or denied any motion by Petitioner for an evidentiary hearing, Petitioner shall have **forty-five days** to file a brief on the issues of procedural default, cause and prejudice, and fundamental miscarriage of justice. Respondent shall have **thirty days** after the filing of Petitioner's brief to also brief the issues of procedural default, cause and prejudice, and fundamental miscarriage of justice. Petitioner shall have **fifteen days** in which to file a reply.

After the Court enters an order concerning procedural default and what issues it will review on the merits, Petitioner shall have **forty-five days** to file a final brief on any

remaining claims. Respondent shall have **thirty days** after service of Petitioner's brief to file a response. Petitioner shall have **fifteen days** after service of the response to file any reply.

This scheduling order may be amended by consent of both parties, but only with the approval of the Court. To the extent not agreed to by the parties, either party may seek leave to amend the schedule for good cause. The Court is mindful of the importance of capital habeas proceedings, but has carefully considered its scheduling order and the assigned deadlines. It has been the Court's experience that in similar proceedings the parties often disregard the scheduling order and seek multiple extensions. As a result, the Court is putting the parties on notice that it is unlikely to grant extensions absent a showing of extraordinary circumstances.

SO ORDERED this 16th day of November 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA