FILED
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR** SAVANNAH DIV.
**THE SOUTHERN DISTRICT OF GEORGIA** 2020 MAY 28  AM 11: 42
**SAVANNAH DIVISION**

| | |
|---|---|
| DORIAN FRANK O'KELLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. CV415-104 |
| | ) |
| WARDEN, Georgia Diagnostic | ) |
| Prison, | ) |
| | ) |
| Respondent. | ) |
| | ) |

CLERK
So. DIST. OF GA.

## O R D E R

Before the Court is Petitioner Dorian Frank O'Kelley's Motion for Reconsideration of the Court's Procedural Default Order and to Amend Petition for Writ of Habeas Corpus. (Doc. 113.) In his motion, Petitioner requests that this Court partially reconsider its order dismissing many of Petitioner's claims or, in the alternative, permit Petitioner to amend his petition. (Id.) For the following reasons, Petitioner's motion (Doc. 113) is **DENIED IN PART** and **GRANTED IN PART**.

## BACKGROUND

In 2005, Petitioner was convicted and sentenced to death by the Superior Court of Chatham County for the murders of Susan Pittman and her thirteen-year-old daughter, Kimberly Pittman. (Doc. 16, Attach. 19 at 2-5; Doc. 33, Attach. 5 at 15-16.) After the completion of his direct appeal and state habeas court proceedings, Petitioner O'Kelley filed a petition for habeas corpus in this

Court, pursuant to 28 U.S.C. § 2254, challenging his conviction and death sentence on a number of grounds. (Doc. 1.) In his petition, Petitioner raised nine general claims and numerous subclaims. (Id. at 4-43.) Those nine general claims included:

| | |
|---|---|
| Claim I: | Ineffective Assistance of Counsel |
| Claim II: | Prosecutorial Misconduct |
| Claim III: | Juror Misconduct |
| Claim IV: | Trial Court Error |
| Claim V: | Conviction Improperly Based on Misleading Evidence |
| Claim VI: | Improper Jury Instructions |
| Claim VII: | Arbitrary and Disproportionate Death Sentence |
| Claim VIII: | Challenge to Georgia's Method of Lethal Injection |
| Claim IX: | Challenge to the Execution of the Mentally Ill |

(Id.)

In response to the petition, Respondent requested that the Court impose a truncated scheduling order to ensure a quicker disposition of Petitioner's claims. (Doc. 22.) Petitioner, however, opposed Respondent's briefing schedule and requested that the Court allow Petitioner to fully develop each of his claims prior to briefing the merits of his petition. (Doc. 47.) After considering Petitioner's concerns, the Court implemented a scheduling order that provided Petitioner with the opportunity to separately request discovery and an evidentiary hearing. (Doc. 57.) In addition, the Court's scheduling order directed the parties to brief issues of procedural default, cause and prejudice, and the miscarriage of justice prior to briefing the merits of Petitioner's claims. (Id. at 3.)

Petitioner filed his brief on procedural default, exhaustion, and miscarriage of justice on April 23, 2018. (Doc. 87.) In opposition, Respondent argued that Petitioner should not be permitted to reach the merits of many of his claims because the claims were either procedurally defaulted or improperly pled. (Doc. 89.) In his briefing, Petitioner abandoned Claim VII and Claim VIII, but argued that his other claims were properly before the Court. (Doc. 92 at 5.)

In its procedural default order, the Court conducted a claim by claim analysis to determine which of Petitioner's claims he would be permitted to brief on the merits. (Doc. 104 at 13.) Ultimately, the Court concluded that Petitioner would not be permitted to brief the merits of Claim II, Claim III, Claim IV, Claim V, Claim VI, Claim VII, Claim VIII, or Claim IX. (Id. at 66.) In addition, the Court found that Petitioner could not brief the merits of many of his claims related to alleged errors made by his trial counsel because these claims were either insufficiently pled or unexhausted. (Id.) The Court, however, permitted Petitioner to brief some of his ineffective assistance of counsel claims, particularly those related to his trial counsel's failure to investigate and present mitigation evidence about Petitioner's background and mental health.[1] (Id.)

---

[1] The ineffective assistance of counsel claims that Petitioner is permitted to brief on the merits include: (a), (e), (f), (g), (j),

Now, Petitioner has filed a Motion for Reconsideration on this Court's procedural default order. (Doc. 113.) In his motion, Petitioner challenges the Court's ruling that several of his claims were insufficiently pled and, therefore, insufficient to warrant review on the merits. (Id. at 4.) Petitioner also challenges the Court's ruling that three of his ineffective assistance of counsel claims were unexhausted. (Id. at 14.) In the alternative to reconsideration, Petitioner requests that the Court grant him leave to amend his petition. (Id. at 9-13.) The Court will address each of Petitioner's arguments in turn.

## ANALYSIS

### I. STANDARD OF REVIEW

"The decision to alter or amend judgment is committed to the sound discretion of the district judge . . . ." Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (internal citations omitted). "Reconsideration of an earlier order is an extraordinary remedy, which should be permitted sparingly." Hesed-El v. McCord, No. CV117-146, 2019 WL 5092476, at *1 (S.D. Ga. Oct. 10, 2019) (citing Ceja v. United States, No. CV115-018, 2017 WL 3401459, at *1 (S.D. Ga. Aug. 8, 2017)).

_____

(k), (l), and (n). (Doc. 104 at 31-34.) These claims, read as a whole, are minimally sufficient to support Petitioner's claim that his trial counsel was ineffective for failing to investigate and present evidence related to Petitioner's background and mental illness. (Id. at 35.)

Federal Rule of Civil Procedure 54(b) "gives district courts discretion to reconsider interlocutory orders." Jones Creek Inv'rs, LLC v. Columbia Cty., Ga., No. CV111-174, 2016 WL 593631, at *2 (S.D. Ga. Feb. 12, 2016) (citing Herman v. Hartford Life & Acc. Ins. Co., 508 F. App'x 923, 927 n.1 (11th Cir. 2013)). Rule 54(b) states, in part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).² In other words, an order dismissing some, but not all, claims raised in a petition for habeas corpus is an interlocutory order. See Fults v. Upton, No. 3:09-CV-86-TWT, 2011 WL 530384, at *2 (N.D. Ga. Feb. 4, 2011) (finding an order on procedural default and exhaustion "granting in part and denying in part the Respondent's motion to dismiss was not a final order"). In this case, the Court's prior order dismissing many, but not all, of Petitioner's claims was an interlocutory order and, therefore, may be revised pursuant to Rule 54(b). Id.

_____

² Respondent argues that Petitioner's motion is governed by Federal Rule of Civil Procedure 59(e). (Doc. 116 at 2-3.) Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Accordingly, Respondent argues that Petitioner's motion for reconsideration is untimely. (Id. at 3.) The Court disagrees and finds that Rule 54(b) more appropriately governs this motion because the procedural default order (Doc. 104) was an interlocutory order.

Typically, a motion for reconsideration is not granted unless there is "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994); Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010). Nevertheless, " '[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued.' " Jones Creek Inv'rs, 2016 WL 593631, at *2 (quoting Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998)); see also Fults, 2011 WL 530384, at *1.

In his motion for reconsideration, Petitioner neither contends that there has been an intervening change in the law nor that there is newly discovered evidence that would cause this Court to reconsider its prior ruling. As a result, this Court must decide whether Petitioner has shown that the Court committed clear error in dismissing Petitioner's claims as insufficiently pled or unexhausted.

## II.  INSUFFICIENTLY PLED CLAIMS

To begin, Petitioner argues that this Court should reconsider its dismissal of several ineffective assistance of counsel and trial court error claims, including Claim I(h), Claim I(i), Claim I(m), Claim I(p), Claim I(q), Claim IV(a), and Claim IV(q). (Doc. 113 at 2-3.) The Court dismissed these claims because they were

insufficiently pled under the heightened pleading requirements of 28 U.S.C. § 2254 Rule 2(c). (Doc. 104 at 28-30; 56-57.) According to Petitioner, his claims were sufficiently pled because they adhered to this district's pleading standards and Respondent did not oppose whether the claims were pled sufficiently. (Doc. 113 at 4-9.) After careful consideration, the Court sees no reason to disturb its prior ruling on these claims. The Court will, however, briefly address Petitioner's arguments.

First, Petitioner argues that his manner of pleading was consistent with the pleading standards of this district until the decision in Arrington v. Warden, No. CV117-022, 2017 WL 4079405, at *1 (S.D. Ga. Sept. 14, 2017), changed those standards. In Arrington, the District Court for the Southern District of Georgia thoroughly explained that, to properly fact plead in accordance with 28 U.S.C. § 2254 Rule 2(c), a petitioner must connect the facts to the law. Arrington, 2017 WL 4079405, at *5. A well-pleaded petition "states each legal claim and lays out a detailed factual basis for it. It uses names, statistics, and testimony to show the court why the petitioner is entitled to relief." Id. at *4. Although Arrington may be this district's most thorough explanation of proper pleading for habeas petitions, Petitioner is incorrect that Arrington changed the pleading standards. To the contrary, even before Arrington, this district has required that "those who seek habeas relief cannot simply laundry-list their claims and hope that

7

the court will develop . . . them on their behalf." <u>Jeffcoat v. Brown</u>, No. CV412-176, 2014 WL 1319369, at *8 (S.D. Ga. Mar. 27, 2014) (citing <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989)).

More importantly, the Court did not dismiss Petitioner's claims based solely on the pleading standards of this district. Rather, the Court found that Petitioner's claims were insufficiently pled based on the heightened pleading requirements of 28 U.S.C. § 2254 Rule 2(c) and based on the Eleventh Circuit's interpretation of Rule 2(c) in <u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1265 (11th Cir. 2014).[3] Petitioner cannot claim that he was unaware of the pleading requirements of this district, the Eleventh Circuit, and the rules governing habeas petitions.

Next, Petitioner argues that his claims "presumably" satisfied the pleading requirements of Rule 2(c) because this case "has been actively litigated for years without notice from the Court or Respondent of any deficiency in the petition . . . ." (Doc. 113 at 7.) Petitioner then highlights instances in which Respondent

---

[3] In a footnote, Petitioner argues that <u>Hittson</u> does not justify the Court's dismissal of his ineffective assistance of counsel claims because, in contrast to the claims in <u>Hittson</u>, Petitioner's claims "identify specific facts in support of the alleged grounds for relief." (Doc. 113 at 4 n.2.) The Court fully addressed the inadequacies of Petitioner's claims in its order and will not revisit its findings. (Doc. 104 at 30-31.)

  
indicated that, although some claims were insufficiently pled, the claims were reviewable by the Court. (Id. at 8.)

Regardless of Respondent's knowledge of the facts associated with Petitioner's claims, Petitioner's habeas petition must contain "fact pleading as opposed to notice pleading." Arrington, 2017 WL 4079405, at *1 (quoting Hittson, 759 F.3d at 1265 (internal quotation marks omitted)); see also Jeffcoat, 2014 WL 1319369, at *8. Even if Respondent did not specifically describe each deficient claim, Petitioner cannot ignore the pleading requirements of Rule 2(c). Importantly, this case has been actively litigated for several years, and, throughout those years, Petitioner had knowledge of Rule 2(c)'s heightened pleading requirements. See Arrington, 2017 WL 4079405, at *1 ("Any petitioner . . . is therefore put on ample notice that facts must be used to support his petition."). Moreover, Petitioner had access to the evidence necessary to supplement his claims with the requisite facts. See Hittson, 759 F.3d at 1265 n.63 ("[T]he habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterward."). Considering his access to evidence, the age of his petition, and his awareness of Rule 2(c), Petitioner cannot now argue that it was Respondent's responsibility to highlight the insufficiently pled claims before the Court reviewed the claims.

9

Petitioner cannot use a motion for reconsideration to include the necessary facts he " 'could and should have [included] before the judgment was issued.' " <u>Jones Creek Inv'rs</u>, 2016 WL 593631, at *2 (quoting <u>Lockard</u>, 163 F.3d at 1267).

III. <u>UNEXHAUSTED CLAIMS</u>

Next, Petitioner moves the Court to reconsider its dismissal of several claims on the ground that Petitioner did not properly exhaust the claims in the state courts. (Doc. 113 at 14.) The Court dismissed several ineffective assistance of counsel claims and trial court error claims because Petitioner did not raise the claims in his Certificate for Probable Cause ("CPC") application filed with the Georgia Supreme Court. (Doc. 104 at 15; 52.) Petitioner now argues that, although the claims were not briefed in his CPC application, the claims were properly exhausted because "[i]ncorporating claims by reference in a CPC application has long been the pattern and practice in Georgia state habeas proceedings." (Doc. 113 at 17.)

As the Court thoroughly discussed in its order (Doc. 104 at 17-23), "claims not in [the petitioner's] CPC application are unexhausted." <u>Hittson</u>, 759 F.3d at 1231 n.23. Although Petitioner now takes issue with the Court's reliance on <u>Hittson</u>, the Court has already addressed Petitioner's argument that "there is no Georgia state law requiring a state habeas claim be briefed in order to be adequately presented." (Doc. 104 at 17; Doc. 113 at 16.) Petitioner

cannot now attempt to relitigate that matter on a motion for reconsideration by requesting that the Court stray from the Eleventh Circuit's guidance in <u>Hittson</u>. <u>See</u> <u>Hesed-El</u>, 2019 WL 5092476, at *2 (quoting <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009)) ("A motion for reconsideration should not be used 'to relitigate old matters . . . .' ").

To reiterate, "[b]y not raising his claims for the Georgia Supreme Court's review, Petitioner denied the court the opportunity to fully assess the merits of those claims." (Doc. 104 at 18.) Because the Georgia Supreme Court did not fully assess the merits, Petitioner did not "preset [his] claims . . . throughout 'one complete round of the State's established appellate review process.' " <u>Kelley v. Sec'y Dep't of Corr.</u>, 377 F.3d 1317, 1344 (11th Cir. 2004) (quoting <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999)). In light of his failure to complete the State's appellate review process, Petitioner failed to properly exhaust his claims and, therefore, those claims are procedurally defaulted. (Doc. 104 at 14-27; 52-53.) Accordingly, the Court sees no reason to disturb its prior ruling that Petitioner failed to properly exhaust the following claims: Claim I(h), Claim I(i), Claim I(m), Claim IV(a), and Claim IV(q).

In the alternative, Petitioner requests that the Court stay this case until Petitioner "returns to the Georgia Supreme Court

11

to request that court to issue a ruling clarifying which of
[Petitioner's] claims were denied on the merits." (Doc. 113 at 19.)
As the Court stated in its prior order, returning the claims to the
state court would be "futile." (Doc. 104 at 19.) The Georgia Supreme
Court conducts a thorough review of claims properly raised by the
petitioner in the CPC application. Redmon v. Johnson, 302 Ga. 763,
764, 809 S.E.2d 468, 469-70 (2018). Because Petitioner's claims
were not raised in his CPC application, the Georgia Supreme Court
did not review them on the merits. This Court will not cause
"needless 'judicial ping-pong' " so Petitioner can add claims he
could have and should have raised in his initial CPC application.
See Hittson, 759 F.3d at 1260 n.56 (quoting Snowden v. Singletary,
135 F.3d 732, 736 (11th Cir. 1998)).

Lastly, Petitioner argues that the procedural default of his
ineffective assistance of counsel claims should be excused because
of his state habeas counsel's ineffectiveness. (Doc. 113 at 21.)
Petitioner asserts that "[c]laims raising the ineffective
assistance of trial counsel are not procedurally barred if the
showings set forth in Martinez v. Ryan, 566 U.S. 1, 132 S. Ct.
1309, 182 L. Ed. 2d 1309 (2012), and Trevino v. Thaler, 569 U.S.
413, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), are met." (Id.)
However, as noted by Petitioner, this Court has held that Martinez
and Trevino do not apply to federal habeas cases arising from
Georgia state Courts. See Williams v. Warden, No. CV412-104, Doc.

12

65 at 17-18 (S.D. Ga. Apr. 3, 2019) ("Considering. . . the Supreme Court's explicit directions that <u>Martinez</u> and <u>Trevino</u> are meant to be limited in nature, the Court concludes that neither are applicable in Georgia."). As a result, the Court will not revise its dismissal of Petitioner's ineffective assistance of counsel claims based on <u>Martinez</u> and <u>Trevino</u>. Consequently, Petitioner's motion for reconsideration is **DENIED**.

IV.  <u>REQUEST TO AMEND PETITION</u>

Alternatively, Petitioner requests leave to amend several of his claims and moves the Court to add a new claim to his habeas petition. (Doc. 113 at 9-13.) The Court will address each of Petitioner's requests separately.

A. <u>REQUEST TO AMEND CLAIMS</u>

First, Petitioner moves the Court to amend several of his ineffective assistance of counsel claims and trial court error claims which the Court dismissed as insufficiently pled. (Doc. 113 at 9.) Particularly, Petitioner argues that "the proposed amendments are intended to set forth a preexisting claim with greater factual specificity . . . ." (<u>Id.</u> at 11.) Petitioner relies on the Notes of the Advisory Committee on the 2004 Amendments to the Habeas Rules and Federal Rule of Civil Procedure 15 to support his argument that he should be permitted to amend his claims. (<u>Id.</u> at 9-11.)

13

As an initial matter, Petitioner is correct that the Notes of the Advisory Committee on the 2004 Amendments to the Habeas Rules direct district courts to "accept a defective petition, with the condition that the petitioner submit a corrected petition." Benjamin v. Sec'y for Dept. of Corr., 151 F. App'x 869, 874 n.9 (11th Cir. 2005) (citing Habeas Rule 2, Rules Governing Habeas Cases, Notes of Advisory Committee on 2004 Amendments). However, the Court understands these notes to refer to a court's dismissal of the entire habeas petition at the onset of a case. See Benjamin, 151 F. App'x at 874 n.9; Cooper v. Sec'y, No. 8:12-cv-1947-CEH-TBM, 2015 WL 2365913, at *1 (M.D. Fla. May 18, 2015). Here, the Court did not dismiss all of Petitioner's claims at the onset of this case. In contrast, the Court permitted Petitioner to litigate his claims for several years. In addition, the Court granted Petitioner's request to separately brief the issues of procedural default and exhaustion. (Doc. 57.) In fact, Petitioner stated that under his "proposed schedule . . . the Court and both parties would have a clear understanding regarding which issues are to be the subject of merits briefing." (Doc. 47 at 14.) Petitioner also stated that determining which claims could be assessed on the merits prior to briefing those claims "not only reduces the risk of unnecessary supplemental briefing, it provides the time necessary to ensure full and accurate briefing on all the issues . . . ." (Id.) Although Petitioner was on notice that the Court intended to thoroughly

14

review which claims he would be permitted to brief on the merits, Petitioner did not supplement his claims with the necessary factual support before the Court's scheduled review. Petitioner cannot now request to amend his claims and create unnecessary supplemental briefing.

Petitioner's argument that he should be permitted to amend his claims pursuant to Federal Rule of Civil Procedure 15(a)(2) also fails. Rule 15(a)(2) states that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This rule is made applicable to habeas proceedings by 28 U.S.C. § 2242, which explains that a federal habeas petition 'may be amended or supplemented as provided in the rules of procedure applicable to civil actions.' " Sallie v. Chatman, No. 5:11-CV-75(MTT), 2014 WL 3509732, at *2 (M.D. Ga. July 15, 2014) (quoting 28 U.S.C. § 2242); Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

"[A] decision whether to grant leave to amend is clearly within the discretion of the district court." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993). "However, the policy of Rule 15 to liberally permit amendments 'circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.' " Sallie, 2014 WL 3509732,

at \*2 (quoting Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)).

When deciding whether to grant leave to amend pursuant to Rule 15, "the Court is guided by five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies despite previously allowed amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment." Sallie, 2014 WL 3509732, at \*2 (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). If none of these factors are present, the Court should grant leave to amend. Id.

As previously discussed, Petitioner unduly delayed requesting leave to supplement his claims with the requisite factual support. Petitioner had access to the evidence necessary to support his insufficiently pled claims and unreasonably delayed providing that factual support. As a result, the Court finds that justice does not require granting leave to amend. Accordingly, Petitioner's request for leave to amend Claim I(h), Claim I(i), Claim I(m), Claim I(p), Claim I(q), Claim IV(a), and Claim IV(q) is **DENIED**.[4]

---

[4] The Court notes that many of the claims Petitioner requests leave to amend were dismissed on alternative grounds. Specifically, Claim I(h), Claim I(i), and Claim I(m) were dismissed because the claims were unexhausted in the state courts. (Doc. 104 at 24, 29.) Moreover, the Court found that Claim IV(a) and Claim IV(q) were procedurally defaulted. (Id. at 52.) Accordingly, granting leave to amend these claims would also be futile.

B. REQUEST TO ADD A CLAIM

Next, Petitioner requests leave to amend his petition to add a substantive competency claim—that Petitioner was tried while incompetent to stand trial. (Doc. 113 at 13.) Petitioner did not raise this claim in his state habeas proceedings, on direct appeal to the Georgia Supreme Court, or in his habeas petition filed with this Court. Yet, Petitioner has already briefed the merits of this claim and Respondent has agreed that the claim is reviewable by the Court. (Doc. 109 at 158-78; Doc. 111 at 105.) Because Petitioner did not raise this claim in his original habeas petition, it must be determined whether the claim is properly before the Court.

"[W]hile it does seem to be well-settled law that a substantive competency claim cannot be procedurally defaulted, the Eleventh Circuit has at least implicitly held that substantive competency claims can be time barred under § 2244(d) . . . ." Sanders v. Forniss, No. 2:15-CV-779-WKW, 2018 WL 3420803, at *1 (N.D. Ala. July 13, 2018) (citing Lawrence v. Florida, 421 F.3d 1221, 1225-27 (11th Cir. 2005)). Under 28 U.S.C. § 2244,

> state prisoners requesting habeas corpus relief must file their petition for relief within one year of (1) the final state ruling; (2) the date on which any impediment to filing an action was removed if the impediment was created by the State; (3) the date on which the constitutional right asserted was recognized or retroactively applied by the Supreme Court; or (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the existence of due diligence."

17

Rivera v. Humphrey, No. CV113-161, 2017 WL 6035017, at *2 (S.D. Ga. Dec. 6, 2017) (quoting 28 U.S.C. § 2244(d)(1)(A)-(D)). Moreover, "any claims added after the original petition must also be filed within the statute of limitations." Id. However, under Federal Rule of Civil Procedure 15(c), claims filed outside of the applicable time period "are timely filed for purposes of the statute of limitations if they 'relate back' to the original petition." Rivera, 2017 WL 6035017, at *2 (citing Mayle v. Felix, 545 U.S. 644, 655, 125 S. Ct. 2562, 2569, 162 L. Ed. 2d 582 (2005)). A claim "relates back to the date of the original [petition] when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original [petition]." Fed. R. Civ. P. 15(c)(1)(B); Davenport v. United States, 271 F.3d 1341, 1344 (11th Cir. 2000) ("[T]he untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type.").

In this case, Petitioner's competency claim is clearly time barred under § 2244(d) as he filed his original habeas petition in 2015. (Doc. 1.) The claim, therefore, must relate back to Petitioner's original petition for it to be considered timely under Rule 15(c). In his petition, Petitioner raised several claims alleging that his trial counsel failed to present and investigate evidence pertaining to his history of mental illness, but

Petitioner did not raise a substantive competency claim pertaining to his mental state at trial. Nevertheless, Respondent does not dispute whether Petitioner's claim relates back to his petition and, instead, briefed Petitioner's claim on the merits. Because Respondent has not opposed Petitioner's request, the Court **GRANTS** Petitioner leave to add a claim that he was tried while incompetent to stand trial.[5]

**CONCLUSION**

In summary, Petitioner's request that this Court reconsider its dismissal of Petitioner's claims is **DENIED**. In addition, Petitioner's request for leave to amend his petition to supplement his inefficiently pled claims is **DENIED**. However, Petitioner's request for leave to add a claim that he was tried while incompetent to stand trial is **GRANTED** only to the extent that Petitioner and Respondent have already briefed the merits of the claim.

SO ORDERED this **28**th day of May 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] Although the Court is permitting Petitioner to add this new claim, Petitioner may not amend his merits briefing.

19